NASH *v.* NASH.

528

No. 14961.   October 5, 1944.   Rehearing denied November 22, 1944.

530

*Barrett & Hayes* and *Durwood T. Pye,* for plaintiff in error.

*W. E. Harclerode* and *H. A. Allen,* contra.

GRICE, Justice. ■ After the divorce suit was filed, and process issued thereon, a written acknowledgment of service thereof was made by an attorney for the defendant in his presence and at his direction. With evidence of this in the record, the attack on the validity of the judgment rendered in such suit, on the ground that the defendant was not personally served, is without merit. Code, § 81-211; *Hendrix* v. *Cawthorn, 71 Ga. 742.*

■ We are met in this case with two presumptions: one, that the validity of a second marriage is to be presumed, even though a previous marriage of one of the parties be shown; the other, the presumption of the continuance of the previous marriage, and

when such appears without more, the second will be held invalid. Since both of these presumptions exist, the question is, which shall prevail in the instant case? In 38 C. J. 1328, § 104, it is stated to be the rule that the burden of showing the validity of the first marriage is on the party asserting it, and, even where this is established, it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage. The text is amply supported by the authorities collected in the notes following it. In 35 Am. Jur. 306, § 195, it is stated: "There is a difference of opinion as to whether and when the law is to presume the validity of a subsequent as against a previous marriage of the same person. The majority view is that a second or subsequent marriage of a person is presumed to be valid, and such presumption is stronger than, and overcomes or rebuts, the presumption of the continuance of the previous marriage, and the burden of proving the continuance of the previous marriage and the invalidity of the second marriage is upon the party attacking the validity of the subsequent marriage. In other words, the presumption of the continuance of a previous marriage in itself is not equal in probative force to the presumption of the validity of the subsequent marriage. It is presumed, in favor of the validity of the subsequent marriage, that the previous marriage has been dissolved by death, divorce, or annulment." In a subsequent paragraph of the same volume (§ 197), a valuable discussion may be found as to when and where the presumption in favor of the validity of the second marriage may be invoked, and, as is true with many other topics, varying lines of authority may be found, as may be seen from the notes accompanying the text. As to when the presumption may be raised, the editors in the paragraph last referred to make this statement: "The question of when the presumption may be raised verges on being, if it is not in fact, the same question as is involved in the matter of what evidence is necessary to overcome the presumption; in this connection it should be observed that the majority view is that it must be shown, to overcome the presumption, by plenary proof that neither party to the previous marriage had obtained a divorce, while the minority view is that such plen-

ary proof is not necessary to overcome the presumption, which ceases to exist when proof is introduced on both sides of the issue."

It is believed that a collision between the two presumptions may be avoided, and that the decisions of this court and of the Court of Appeals of this State on the related subjects may be harmonized by applying the rule that one asserting the invalidity of a marriage has the burden of proof on that issue. For instance, in *Clark* v. *Cassidy,* 62 *Ga.* 407 (5), it was said that, when a marriage has been proved, the relation is presumed to exist until evidence of its dissolution by divorce or death, and the party asserting the dissolution must prove it. The facts of that case, and division 5 of the opinion, disclose that the decision there was merely to the effect that it was necessary, in order for Clark to prevail, to prove that a former marriage had been dissolved. *Wilson* v. *Allen,* 108 *Ga.* 275 (33 S. E. 975), was a case where an application for year's support was made by one who claimed to be the widow of the deceased. This court there held that the burden was upon her to show that she was his lawful wife at the time of his death; and that, where it appeared from the uncontradicted testimony that, at the time she claims to have been married to the deceased, another man was living to whom she had been lawfully married, the burden of proving a dissolution by divorce of this former marriage was upon her. The first headnote in *Hardeman* v. *Hardeman,* 179 *Ga.* 34 (175 S. E. 9), begins with the statement that, "When a marriage has been proved, the relation is presumed to exist until evidence of its dissolution by divorce or death, and the party asserting the dissolution must prove it." The facts there were: A woman brought suit for the recovery of alimony, alleging herself to be the common-law wife of the defendant. She admitted in her testimony that she had previously been married to another man, and undertook to prove, by evidence which the court held inadmissible, that a divorce had been granted. It was a necessary part of her case to prove the dissolution of the former marriage. The actual ruling was contained in the latter part of the opinion in these words: "It follows that the petitioner failed to carry the burden of proof on the question of her eligibility to contract marriage with the defendant." *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702), was a case where the administrator of Mary Flournoy brought suit against Green to recover

against him certain property, then in his possession, which he claimed as the heir of Mary Flournoy. It was proved that she and Green had married, but the plaintiff attacked this marriage as invalid on the ground that at the time it was entered into she had a former husband in life. It was there a necessary part of the plaintiff's ·case to show that, at the time of the second marriage, her first marriage remained undissolved. The ruling was: "1. All the presumptions necessary to make a marriage valid attach on proof of a formal ceremony of marriage and cohabitation by the parties under the belief that they were lawfully married; and the burden is on those who attack the validity of the marriage to show its invalidity by clear, distinct, positive, and satisfactory proof. There is in such case a presumption that the parties had capacity to contract marriage; and this presumption prevails until overcome by proof. 2. Where the presumption of the validity of a marriage, arising from the performance of a ceremony, conflicts with the presumption of a continued life of a former spouse of one of the parties, if neither is aided by proof of facts or circumstances corroborating it, the presumption of the validity of the second marriage will prevail over the presumption of the continuance of life of the former spouse." In the opinion it was said that the presumption of the validity of the marriage can only be negatived by disproving every reasonable possibility; and that it is incumbent on him who attacks the marriage to overcome the presumption of its validity, resulting from the solemnization of the marriage ceremony, and cohabitation by the parties under the belief that they are lawfully married, and to establish that the former spouse was living at the time that the second marriage was entered into. A somewhat similar case was *Brown* v. *Parks*, 173 *Ga.* 228 (160 S. E. 238), where it was again ruled that, where a man contracted a second marriage while his first wife was still alive, it will be presumed, in favor of the validity of the second marriage, that the first marriage was legally dissolved by a divorce before the second marriage was entered into; and that one who asserts the invalidity of the second marriage must show that there has not been any divorce. Also that, where proof of a negative is essential to the existence of a right, the burden of proving such negative is properly placed upon the party claiming the right; that, where the right of a claimant to property of an intestate rests

upon the supposed illegality of a marriage, the claimant must, before he can make good that right, by proper proof remove every presumption of the legality of the second marriage. There are similar rulings by the Court of Appeals in *Ward* v. *Ward*, 24 *Ga. App.* 695 (102 S. E. 35), and *Belle Isle* v. *Belle Isle*, 47 *Ga. App.* 168 (170 S. E. 211). The case last mentioned analogizes that of *Neely* v. *Tenn., Ga. & Ala. R. Co.*, 145 *Ga.* 363 (89 S. E. 325, L. R. A. 1916F, 819), and shows that it is not in conflict with the *Murchison* case, nor the others following it. In fact, Mr. Justice Hill, who delivered the opinion in the *Neely* case, himself distinguishes it, as may be seen from this observation of his: "Thus, the case was not one involving an attack by the plaintiff upon some subsequent marriage, but one in which the defendant is attacking the status of the plaintiff as a widow by seeking to show that her marriage had been dissolved. After the plaintiff had made out a prima facie marriage, the burden of showing its dissolution would rest on the defendant."

During the investigation of this question, a number of other Georgia decisions have been examined, which have not been dealt with in this opinion. We are confident that, when the facts are examined, it will be found that, when the question is kept in mind as to where rests the burden of proof, there is no conflict in any of them; but that, whenever the issue has been presented, the courts of this State have followed the rule, which is of well-nigh universal application, that, "One asserting the invalidity of a marriage has the burden of proof on that issue, notwithstanding such burden requires proof of a negative. The reason is that, where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative. Where a form of marriage is proved, the burden of showing that the form or ceremony did not include the necessary elements to constitute marriage or that the person performing the marriage was without authority is upon the person asserting the invalidity of the marriage. At least, proof of a duly solemnized marriage places on one denying that the parties thereto became husband and wife the burden of proving the marriage to be invalid." 35 Am. Jur. 314, § 204.

In the instant case, Mr. and Mrs. Nash entered into a ceremonial marriage. They lived together for years as husband and wife. She obtained a divorce from him, and was awarded ali-

mony. He refused to pay it on the ground that their marriage was illegal on account of her former marriage to another man. It was shown that she had never obtained a divorce from her former husband, and had never been served with any divorce papers. If it be assumed that this negatived the possibility of his having obtained from her, in the foreign State of his residence, a divorce which had the effect of removing her marital disabilities also, the evidence did not exclude the possibility of his having died before the date of her second marriage. The burden was on Mr. Nash to show in some way the invalidity of the second marriage. He did not carry the burden. The court did not err in any of the rulings on the pleadings, nor in the admission of testimony, nor in the final judgment on which error is assigned. Applying the principles herein discussed to the assignment of error as to the pleadings, the admission of testimony, and the final judgment excepted to, no error appears.

The foregoing deals with the case in the main as it has been presented by counsel for the parties in this court. There is another question upon which it seems that a judgment of affirmance might rest, and perhaps should rest, regardless of what has been said above. The husband is seeking here to avoid a judgment for contempt. In response, he attacks the marriage between himself and the petitioner on the ground that at the time of such ceremonial marriage the petitioner was married to another man, and therefore incapable to contract marriage with the respondent. In the same response, he also moved to set aside the judgment for alimony under which the rule for contempt was issued. He does not allege when he discovered the invalidity of his marriage with the petitioner, whether before or after the judgment for alimony was rendered. Therefore his response as to this phase would not be good either as an extraordinary motion for new trial, or in a petition in equity, and was not good as a matter of response. Failing, as he did, to show any reason for setting aside the judgment for alimony which had been rendered against him, the judgment should be treated as conclusive in the contempt proceeding.

*Judgment affirmed. All the Justices concur.*