REED *v.* REED; *et vice versa.*

Nos. 15830, 15834.   June 12, 1947.   Rehearing denied July 11, 1947.

*C. W. Killebrew,* and *H. A. Woodward,* for plaintiff in error.
*Paul T. Chance,* contra.

CANDLER, Justice. (After stating the foregoing facts.) The assignment of error in the main bill of exceptions challenges the correctness of the judgment awarding temporary alimony and counsel fees to the wife. Counsel for the plaintiff in error takes the position that such ruling was contrary to law and the evidence, for the reason that at the time of the alleged marriage between the parties to the present suit the plaintiff in error had a living wife, who is now living, and that the former marriage had never been dissolved.

"Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201. The existence of a valid marriage is essential to the recovery of alimony. *Pickren* v. *Pickren,* 190 *Ga.* 609 (10 S. E. 2d, 40). While it was held in *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875), that the trial court erred in refusing to award temporary alimony and counsel fees, for the reason that such award is made for the purpose of affording the wife the means of contesting all of the issues between herself and husband, and that one issue is whether the marriage between them was valid or not, this court in *Barnett* v. *Barnett,* 191 *Ga.* 501 (13 S. E. 2d, 19), declined to follow such ruling because it was in conflict with older and controlling decisions of this court. In *Barnett* v. *Barnett,* supra, and in *Morgan* v. *Morgan,* 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925), this court held that, on an interlocutory hearing, where it appeared conclusively from the pleadings and the evidence that no valid marriage ever existed between the parties, either because of a previously undissolved marriage, as in the *Barnett* case, or because of the legal incapacity of one of the parties to enter into the marital contract, as in the *Morgan* case, the trial court could not properly make an award of temporary alimony and counsel fees to the wife. And in *Roseberry* v. *Roseberry,* 17 *Ga.* 139, it was held that an inquiry into the validity of the marriage between the parties on a hearing for alimony was not a hearing of the case on its merits. This brings us to a consideration of the controlling question presented by the main bill of exceptions, and that is: did the husband show conclusively, at the interlocutory hearing for temporary alimony · and counsel fees, that his alleged marriage to the defendant in error was invalid because at that time he had a living wife by a former marriage, which marriage had never been dissolved?

"When a marriage has been regularly solemnized and the parties live together as man and wife, there is a presumption that the parties had capacity to contract the marriage, and of the existence of all other facts necessary to render the marriage valid; and this presumption prevails until the contrary appears." *Murchison* v. *Green,* 128 *Ga.* 339, 341 (57 S. E. 709, 11 L. R. A. (N. S.) 702) ; *Clark* v. *Cassidy,* 62 *Ga.* 407 (5) ; *Hardeman* v. *Hardeman,* 179 *Ga.* 34 (1) (175 S. E. 9). The presumption in favor of the

validity of a marriage, duly shown, is one of the strongest presumptions of the law.  35 Am. Jur. 303, § 192.  It arises because the law presumes morality and not immorality; marriage and not concubinage; legitimacy and not bastardy.  The strength of the presumption increases with the lapse of time.  *Brown* v. *Parks,* 173 *Ga.* 228, 236 (160 S. E. 238).  The presumption arises in the instant case by virtue of proof of the ceremonial marriage between the parties, and proof of their cohabitation as man and wife for several years thereafter.  The validity of the marriage was attacked by the husband by his amended answer, which was positively verified and presented in evidence.  He thereby assumed the burden of establishing the invalidity of such marriage.

"The presumption as to the validity of the marriage can be negatived only by disproving every reasonable possibility.  The status of the woman is involved as well as the legitimacy of children, and every reasonable presumption must be indulged which will relieve the woman of the charge of being a concubine and her children of being declared bastards.  Piers *v.* Piers, 2 House of Lords Cases, 380; Cash *v.* Cash, 67 Ark. 278 (54 S. W. 744); Wilkie *v.* Collins, 48 Miss. 496."  *Brown* v. *Parks,* supra.  The invalidity of the marriage attacked must be shown by clear, distinct, positive, and satisfactory proof.  Every presumption in favor of the legality of the marriage must be removed.  Quoting further from *Brown* v. *Parks,* supra, at page 238:  "If it is shown that a party to a marriage has contracted a previous marriage and that his or her former spouse is still living, this has been held not to destroy the prima facie validity of the second marriage.  In such a case it has been presumed that the first marriage has been dissolved by divorce, and that the burden to show that it has not rests on the person seeking to impeach the last marriage, notwithstanding he is thereby required to prove a negative."  See also, in this connection, 35 Am. Jur. 314, § 204.  It must be shown that a divorce has not in fact been granted between the parties to an alleged prior marriage.  Mere proof that one party had not obtained a divorce is not sufficient, for the other party might have obtained a divorce which would remove the legal impediment.

Applying these well-established principles of law to the pleadings and the evidence in the instant case, has the husband fully carried the burden and conclusively shown that the second marriage

was invalid by reason of a previous marriage which had never been dissolved? We think not. At the hearing the evidence for the husband was limited to the positively verified amended answer, and to the original record of the same court of a divorce proceeding between himself and Pauline Reid, who was alleged to be his wife by the previous marriage. The record of the divorce proceeding disclosed that a first verdict finding in favor of a total divorce was granted on January 24, 1943, but that a second and final verdict was never granted in that case. The husband, by his amended answer, alleged that an examination of such record disclosed that a total divorce was never granted in that case; and "therefore, at the time of the ceremony between plaintiff and defendant in this case, this defendant had a living wife and she is now living and the alleged marriage ceremony between plaintiff and defendant was void; that no marital relationship has ever existed between them." This evidence is clearly insufficient, and fails to remove all the presumptions in favor of the validity of the marriage attacked. First, there is no evidence to show that, if any lawful marriage ever existed between the defendant and Pauline Reid, she did not herself obtain a total divorce (in a proceeding wherein he was also granted a total divorce) or his disabilities to contract marriage removed as provided by the Code, § 30-122, or that the defendant had not been served with any divorce papers. *Nash* v. *Nash,* 198 *Ga.* 527, 535 (32 S. E. 2d, 379) ; 35 Am. Jur. 324, § 212. And second, there is no proof to show that the defendant did not obtain a total divorce from Pauline Reid in some other divorce action. Briefly, the evidence for the defendant shows that he had a living wife at the time of the marriage and that she is now living, and that a total divorce was never granted in the proceeding filed by him in Richmond Superior Court in 1942. Accordingly, it must be held that the plaintiff in error failed to carry the burden of disproving "every reasonable possibility" in favor of the validity of the marriage attacked, and that the court did not err in awarding temporary alimony and counsel fees.

It is the general rule that, where the judgment of the trial court is affirmed on the main bill of exceptions, the cross-bill of exceptions will be dismissed. *Kerlin* v. *Young,* 159 *Ga.* 95 (5) (125 S. E. 204) ; *Tift* v. *McCaskill,* 171 *Ga.* 289 (4) (155 S. E. 192). Here, however, the affirmance of the judgment on the main

bill of exceptions will still leave the main case for trial in the lower court; and the cross-bill of exceptions assigning error on the ruling of the court allowing the amended answer to be filed, and admitting an original document in evidence, will be retained. Code, § 6-901; *Perkins* v. *Madison,* 175 *Ga.* 714 (2) (165 S. E. 811). ·See also, in this connection, *Alexander Lumber Co.* v. *Bagley,* 184 *Ga.* 352, 363 (191 S. E. 2d, 446).

■ The assignments of error in the cross-bill of exceptions on the ruling of the court allowing the amended answer to be filed, and on the ruling admitting the record in the divorce proceedings in evidence on the ground that there were no pleadings or proof as to the existence of any former dissolved marriage of the defendant, not being insisted on in the oral arguments, or in the brief of counsel for the plaintiff in error, are treated as abandoned.

■ The contention of the plaintiff in error in the cross-bill of exceptions, that the court erred in allowing in evidence a document purporting to be an action for divorce filed by Charles Albert Reid against Pauline Reid, because no proof was offered as to the genuineness of the document, or that the plaintiff in that case was the same person as defendant in the present proceeding, is without merit. The original papers in the former divorce proceeding in Richmond Superior Court, the same court before which the present case is being tried, were introduced in evidence. In *Sellers* v. *Page,* 127 *Ga.* 633 (5) (56 S. E. 1011), it was ruled: "When the record of a court in which a case is being tried is material evidence in a case, it may be proved by the production of the record itself, and a certified copy is not necessary." In such a case additional proof as to the genuineness of the original papers would not be ' necessary. The allegations of the amended answer, which was ₀ sworn to and introduced in evidence, were sufficient to identify Charles Albert Reid, plaintiff in the former divorce proceeding, as being the same person as Charles A. Reed, defendant in the present case.

■ The assignment of error on the ruling of the court allowing in evidence the original record in the former divorce proceeding, on the ground that the defendant was, by his acts and conduct, estopped from attempting to plead or prove the former undissolved marriage as a bar to an award of temporary alimony and counsel fees, is ·controlled, adversely to the contention of the plain-

tiff in error in the cross-bill of exceptions, by *Pennaman* v. *Pennaman,* 153 *Ga.* 647 (2) (112 S. E. 829). It was there ruled: "Although the applicant and the alleged husband lived together some twenty-five or thirty years after the marriage ceremony between them was performed; inasmuch as the disqualification to marry was not removed, the husband was not estopped from setting up the invalidity of his marriage to the plaintiff in the suit for alimony." See also *Christopher* v. *Christopher,* 198 *Ga.* 361, 379 (3 S. E. 2d, 818), wherein the case of *Pennaman* v. *Pennaman,* supra, was considered and followed, and distinguished from *Dillon* v. *Dillon,* 60 *Ga.* 204, relied upon by the plaintiff in error.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*