AZAR, administrator, v. THOMAS.

DUCKWORTH, Chief Justice. 1. A foreign decree of divorce may be collaterally attacked upon the grounds of fraud in its procurement and lack of jurisdiction without offending the full faith and credit clause of the Constitution of the United States, if there had been no actual notice of the suit or provision for the same to the non-resident defendant, and constructive notice was relied upon to give the foreign court jurisdiction. *Green* v. *Whatley,* 158 *Ga.* 628 (123 S. E. 871); *Cochran* v. *Cochran,* 173 *Ga.* 856 (162 S. E. 99); *Durden* v. *Durden,* 184 *Ga.* 421 (191 S. E. 455); *Adams* v. *Adams,* 191 *Ga.* 537 (13 S. E. 2d, 173); *Marchman* v. *Marchman,* 198 *Ga.* 739 (32 S. E. 2d, 790).

2. Where a marriage has been regularly solemnized and the parties live together as man and wife, there is a presumption that the parties had capacity to contract the marriage, and of the existence of all other necessary facts to render it valid. This presumption can be negatived only by disproving every reasonable possibility against the validity of the marriage. *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d, 539); *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379); *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238); *Callaway* v. *Cox,* 74 *Ga. App.* 555 (40 S. E. 2d, 578); 35 Am. Jur. 306, § 195. And the presumption of the dissolution of the previous marriage grows stronger with the passage of time where the second marriage is not questioned or attacked. 35 Am. Jur. 308, § 196.

3. To overcome the presumption of validity of the subsequent marriage, there must be plenary proof that neither party to the previous marriage had obtained a divorce, by failing to find any record of divorce in any counties of the jurisdiction where it should have been granted. But it is sufficient, in order to overcome the presumption indulged in favor of the second marriage, to show, by a general search of the court records of the State in which the spouse effecting the second marriage has established residence, that no divorce has been granted. 35 Am. Jur. 326, § 219; 34 A. L. R. 495; 77 A. L. R. 741.

4. In view of what is said in headnote 1 above, it was clearly error for the court to have refused to allow the jury to consider the evidence as to fraud in the procurement of the divorce in Tennessee. And, although plenary proof would be required to overcome every reasonable possibility of a divorce having been obtained elsewhere, it is apparent from the testimony of both the husband and wife, given at the trial, that the Tennessee divorce was the only divorce proceeding ever instigated by either party. The trial court, therefore, erred in failing to grant the motion for new trial as amended.

*Judgment reversed. All the Justices concur. Wyatt, J., concurs in the judgment only.*

No. 16946. FEBRUARY 16, 1950. REHEARING DENIED MARCH 15, 1950.

*Walter A. Sims, Joseph S. Crespi,* and *Walter W. Aycock,* for plaintiff.

*Howard, Tiller & Howard,* for defendant.