34679, 34680. COOPER *v.* COOPER; and *vice versa.*

DECIDED JUNE 9, 1953.

*Wilson & Wilson,* for plaintiff in error.

*Joe Schreiber,* contra.

TOWNSEND, J. ■ Error is assigned on the charge of the court as follows: "I charge you that the burden is on the plaintiff, Mary Cooper, to prove her case by a preponderance of the evidence. Gentlemen of the jury, after considering all the facts and circumstances of the case, under the rules of law that I have given you in charge, if you should find that the plaintiff Mary Cooper, has carried the burden of showing to your satisfaction that she is legally married to Elijah Cooper, then you would find in her favor. If she has not carried this burden under the evidence and rules of law that I have given you in charge, then

and in that event you would find in favor of the caveatrix, Wealthy Cooper."

Among the rules of law to which the court referred in the foregoing excerpt complained of, were that the burden is on one attacking the validity of a ceremonial marriage to show its invalidity by clear, distinct, positive, and satisfactory proof; that in such case the presumption is that the parties had capacity to contract; and that a presumption as to marriage arising from cohabitation and repute yields to proof of a subsequent ceremonial marriage by one of the parties. The charge, in relation to the rules of law given to the jury, was not erroneous. Mary Cooper, as applicant in the court of ordinary and as appellant in the superior court, had the burden of establishing her marriage to the deceased, and this burden of proof remained with her throughout the trial. She carried it in the first instance by offering evidence of a ceremonial marriage between herself and the deceased, and the burden of proceeding then shifted to the caveatrix to establish her affirmative defense that the marriage relied upon was in fact invalid; but this does not change the general rule that the burden of proof, properly so called, does not shift, but remains with the appellant throughout the trial. 31 C. J. S. 712, Evidence, § 104. This charge is not error for any reason assigned.

■ ■ It is contended by the defendant in error that the applicant's marriage to Elijah Cooper was invalid because of an existing previous undissolved common-law marriage between herself and one George Mobley. As to this marriage she testified that, while she had relations with Mobley on "dates" over a period of several months, she never lived with him, never married him, and never held herself out to be his wife; that no question of marriage arose between them, and that he left the State shortly before she bore him illegitimate son. This testimony is supported by evidence of the child's birth certificate, which shows him to have been registered in the mother's maiden name, and carries the notation, "Illegitimate," and is supported by evidence to the same effect by relatives of the putative father. None of this evidence was contravened, and it is conclusive on the issue that no marriage existed between these parties and that their relation was, from its inception, illicit.

■

In 1946 the plaintiff in error entered into a ceremonial marriage with one Harry Newton. On the marriage application she stated her name as Mary Lize Mobley, that she had been previously married, and that her husband was dead. Harry Newton also stated that he had been previously married and that his wife was dead. These statements all appear to have been false. The plaintiff in error explained her use of the name "Mobley" by testimony that she was living with some Mobleys at that time, and used the name as it made it easier for her to obtain work at the place where they were working. Harry Newton testified that his previous wife, Lula Daniel Newton, had married him around 1925 and that they had never divorced, but, after a long separation, he simply assumed that she was dead. Lula Newton appeared and testified that she had never obtained a divorce from Harry. Therefore, although the defendant in error showed a ceremonial marriage between the plaintiff in error and Harry Newton, the presumption of its validity was overcome as a matter of law when the evidence showed without dispute that Harry Newton was laboring under the disability of a previous undissolved marriage at the time of the ceremonial marriage with the plaintiff in error. The presumption of the validity of a duly proved ceremonial marriage is one of the strongest presumptions known to law. In a contest between competing marriages, the presumption is that the second marriage is valid, and it requires plenary proof to rebut this presumption, that the former marriage has not been subsequently dissolved, by disproving every reasonable possibility against the validity of the subsequent marriage. *Azar* v. *Thomas,* 206 *Ga.* 588 (57 S. E. 2d 821); *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d 539); *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (53 S. E. 2d 480); *Callaway* v. *Cox,* 74 *Ga. App.* 555 (40 S. E. 2d 578); *Gearllach* v. *Odom,* 200 *Ga.* 350 (37 S. E. 2d 184); *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d 379). The proof here offered not only was not sufficient to overcome the very strong presumption of the validity of the subsequent marriage, but was in fact controverted by direct testimony of a conclusive nature—that of Harry and Lula Newton, that both were in life and neither had divorced or been divorced by the other.

While certain prior contradictory statements made by the

plaintiff in error and by Harry Newton might have authorized the jury to disregard their testimony, yet evidence of no common-law marriage and of no dissolution of Newton's previous marriage was not dependent upon the testimony of either. The judgment finding in favor of the caveatrix was contrary to law.

■ In her cross-bill of exceptions, the caveatrix contends that the judge of the superior court erred in denying her motion to dismiss the appeal from the court of ordinary to that court on the ground that the appellant failed, prior to the filing of the appeal, to serve a copy of the same upon her or her attorneys of record. The court properly overruled this motion. Code § 81-301 as amended by the act of 1946 (Ga. L. 1946, pp. 761, 773) and the act of 1952 (Ga. L. 1952, p. 162) provides for the service on the opposite party, before filing, of demurrers, pleas, and cross-actions of the defendant and demurrers of the plaintiff to the defendant's answer or other pleas, but makes no reference to a notice of appeal from the court of ordinary to the superior court. It is, in consequence, unnecessary to decide whether in a proper case, comprehending one of the pleadings specifically enumerated by the amendment to Code § 81-301, such a motion would lie. The court here properly denied the motion to dismiss the appeal.

*Judgment reversed in case No. 34679. Judgment affirmed in case No. 34680. Gardner, P. J., and Carlisle, J., concur.*