19283. WOODUM *v.* AMERICAN MUTUAL LIABILITY INSURANCE CO. *et al.*

ARGUED MARCH 12, 1956—DECIDED APRIL 9, 1956— REHEARING DENIED MAY 16, 1956.

388

*John M. Williams, Daniel B. Clarke,* for plaintiff in error.
*Marshall, Greene & Neely, Burt De Rieux,* contra.

WYATT, Presiding Justice. ■ The defendant in error has made a motion to dismiss the bill of exceptions upon the ground that the same was not tendered or certified within the time provided by law. Code § 114-710 provides in part as follows: "Any party in interest who is aggrieved by a judgment entered by the superior court upon an appeal from an order or decree of the Department to the superior court, may have the same reviewed by the Court of Appeals within the time and in the manner provided by law for fast bills of exceptions from other orders, judgments and decrees of the superior court." At the time Code § 114-710 was enacted, the time provided by law for tendering a fast bill of exceptions was within 20 days of the rendition of the judgment complained of. This was amended in 1953 so as to provide that the time within which such bills of exceptions should be tendered should be within 30 days of the rendition of the judgment complained of.

The instant bill of exceptions was tendered and certified more than 20 days but less than 30 days from the date of the rendition of the judgment complained of. It is contended by the defendant in error that, when the Code section above referred to (§ 6-903), was amended, changing the time for tendering fast bills of excep-

tions from 20 to 30 days, the time within which a bill of exceptions in a workmen's compensation case should be tendered was not affected, but remained 20 days.

There is no merit in this contention. The intendment of Code § 114-710 is that bills of exceptions from decisions in workmen's compensation cases should conform to the procedural requirements of fast bills of exceptions in other cases, whatever those requirements might be at the time the judgment complained of is rendered. The time within which such bills of exceptions were required to be tendered at the time the judgment complained of in the instant case was rendered was 30 days. That requirement applies also to bills of exceptions in workmen's compensation cases, and the bill of exceptions in the instant case was accordingly tendered within the time provided by law. The motion to dismiss is denied.

■ The instant case involves questions relating to competing marriages, which present for consideration two conflicting presumptions. The first presumption is that a marriage once established is presumed to continue until it is shown to have been dissolved by death or divorce. The second presumption is that, when one who has entered into a marriage is shown to have previously contracted a marriage with another person, it will be presumed that everything was done that was necessary to be done to dissolve the first marriage, and that the second marriage is a valid and lawful one.

It is well settled by numerous decisions of this court and the Court of Appeals that, when a second marriage is established, and it is also shown that one of the parties had previously married another person, the presumption as to the validity of the second marriage is stronger than the presumption as to the continuance of the first marriage and will overcome or rebut the presumption favoring the first marriage. The burden is upon him who attacks the second marriage to show its invalidity by proof that is clear, distinct, positive, and satisfactory. See, in this connection, *Brown* v. *Parks*, 173 *Ga.* 228 (160 S. E. 238); *Reed* v. *Reed*, 202 *Ga.* 508 (43 S. E. 2d 539); *Azar* v. *Thomas*, 206 *Ga.* 588 (57 S. E. 2d 821); *Nash* v. *Nash*, 198 *Ga.* 527 (32 S. E. 2d 379); *Bituminous Cas. Corp.* v. *Harris*, 68 *Ga. App.* 889 (24 S. E. 2d 803). The reasons for this rule are based upon sound public

policy* and have been stated in the decisions of this court in various terms. However, all the reasons given are based upon the proposition that the law presumes morality and not immorality; marriage and not concubinage; legitimacy and not bastardy. See *Reed* v. *Reed,* supra. The strength of the presumption increases with the passage of time. *Brown* v. *Parks,* supra; *Azar* v. *Thomas,* supra.

In the instant case, the claimant undertook to show that she had married the deceased employee in 1927. Conceding, but not deciding, that she did so, she further showed that, some sixteen years later and some twelve years after she testified that she had lived with the deceased employee, she married a man named Alfred Sparks. She testified that she had not gotten a divorce from the deceased employee, and that she had not been served with any divorce papers. However, there was no evidence of any kind to show whether or not the deceased Wilbur Woodum had gotten a divorce in Laurens County where he lived at the time of his death, or in any other county or jurisdiction where he might have lived during the twelve years from the time the claimant and the deceased separated until 1943 when the claimant married Alfred Sparks. "Mere proof that one party had not obtained a divorce is not sufficient, for the other party might have obtained a divorce which would remove the legal impediment." *Reed* v. *Reed,* supra, p. 512. It must be shown that a divorce has not in fact been granted between the parties to an alleged prior marriage.

The plaintiff in error insists that the case of *Neely* v. *Tennessee, Georgia & Alabama R. Co.,* 145 *Ga.* 363 (89 S. E. 325, L. R. A. 1916F 819), is controlling in the instant case and demands a different result. The defendant in error has made a motion to overrule that case. This court has upon several occasions undertaken to distinguish the *Neely* case, supra, upon various grounds, some more validly asserted than others, but none entirely satisfactory. The truth of the matter is that the *Neely* case, supra, is in irreconcilable conflict with the public interests which fostered the presumption favoring a subsequent marriage and with the cases cited herein. It is for this and other reasons unsound, and, in so far as it is in conflict with what is here ruled, it is specifically overruled.

It follows from what has been said above, the claimant had the burden of proving that her second marriage was a bigamous marriage, or, to say the same thing differently, she had the burden of proving that her first marriage was validly contracted and that it had not been dissolved. She failed to carry this burden, and the judgment of the court below affirming the finding of the deputy director, to the effect that the claimant was not the widow of the deceased employee and denying compensation, was not error.

*Judgment affirmed. All the Justices concur.*