41899.   AMERICAN MUTUAL LIABILITY INSURANCE
COMPANY et al. v. COPELAND et al.

PANNELL, Judge.   1.   The burden is upon him who attacks the validity of a marriage to show that it is invalid, by clear, distinct, positive and satisfactory proof.   See *Bituminous Cas. Corp. v. Harris,* 68 Ga. App. 889, 891 (2) (24 SE2d 803); *Brown v. Parks,* 173 Ga. 228 (1) (160 SE 238); *Norman v. Goode,* 113 Ga. 121 (38 SE 317).   "Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, a presumption arises that the second marriage is valid until evidence is adduced that the spouse of the first marriage is living, and only then does the Act of 1957 amending *Code* § 53-102 (Ga. L. 1957, p. 83), place the burden on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce." *Zurich Ins. Co. v. Craft,* 103 Ga. App. 889 (2) (120 SE2d 922).

2. Upon application of the above rulings to the present case, where, upon the accidental death of an employee arising out of and in the course of his employment, two parties claimed to be the lawful widow of such employee and entitled to compensation under the Workmen's Compensation Act by reason of his death, and at a hearing held for the purpose of determining which was entitled to compensation, both are represented by counsel, and the attorney for the one claimant, in her behalf, admits that when she married a person of the same name as the deceased she was already married to another from whom she had never secured a divorce and withdraws her claim, and where the evidence discloses that the other claimant entered into a ceremonial marriage with the deceased in 1935 and lived with the deceased as his wife from that time to the time of his death and was dependent upon him for support, and the only attack on this marriage was a marriage certificate of an earlier marriage showing that a person with the same name as the deceased, in the same county, entered into a ceremonial marriage with a person with a given name the same as the one claimant whose claim was withdrawn but there is no evidence that such person is still living, the evidence demands a finding that the other claimant was the lawful widow of the deceased and entitled to compensation.   Accordingly, the judge of the superior court did

not err in setting aside the award of the Board of Workmen's Compensation denying compensation to the appellee widow. *Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED APRIL 6, 1966—DECIDED MAY 20, 1966.

*H. P. Arnall,* for appellant.
*Ray, Owens, Keil & Hirsch, Thomas B. Riley,* for appellee.