## 27868. SMITH v. SMITH.

ARGUED APRIL 9, 1973—DECIDED MAY 10, 1973—
REHEARING DENIED MAY 24, 1973.

*John S. Boswell, Sr.,* for appellant.

*McLane & Dover, H. Arthur McLane,* for appellee.

MOBLEY, Chief Justice. Ethel Miller Smith, as the widow of Tommy Smith, filed a petition in the Court of Ordinary of Echols County, seeking to set aside the appointment of Leon Smith as the permanent administrator of her deceased husband, on the ground of fraud in its procurement; and to have a year's support from her husband's property set apart to her. She alleged that a sale and assignment made by her to Leon Smith of all her interest in her husband's estate was fraudulently procured from her by Leon Smith. After hearing, the ordinary denied the petition, and she appealed to the superior court.

Thereafter Ethel Miller Smith filed an equitable petition in Echols Superior Court seeking substantially the same relief prayed in the court of ordinary, with the additional relief of injunction and receiver.

The Judge of Echols Superior Court, hearing both matters without the intervention of a jury, found that Ethel Miller Smith had failed to carry her burden of proof in establishing that she is the lawful widow of Tommy Smith; that she executed a valid contract assigning all of her rights and interest in the estate of Tommy Smith to Leon Smith prior to Leon Smith's application for permanent letters of administration; and that she has no legal interest in the estate. The case was dismissed, and the appeal is from this judgment.

Tommie Smith (shown by the evidence to be the same as Tommy Smith) was married by ceremonial marriage to Ethel Miller on April 1, 1955, in Charlton County.

Leon Smith introduced in evidence certificate that Tommy Smith and Miss Ollie Morgan were married in Echols County on September 7, 1931; and certificate that Tommie Smith and Mrs. Aline Scott were married in Echols County on November 20, 1948. E. F. Blair, Clerk

of the Superior Court of Echols County testified that he had examined the records of the Superior Court of Echols County and found no indication that Tommy Smith either had a divorce action filed against him or had filed one himself in Echols County. It was on this evidence that the trial judge found that Ethel Miller Smith had not carried her burden of proof in establishing that she is the lawful widow of Tommy Smith.

Prior to the 1957 amendment to Code § 53-102, it was the law in Georgia that upon proof of a ceremonial marriage a presumption arose that any previous marriage contracted by the parties had been dissolved by death or divorce, and the burden was on one asserting the invalidity of the ceremonial marriage to overcome this presumption by evidence. *Mayo v. Owen,* 208 Ga. 483, 487 (67 SE2d 709); *McCormick v. Denny,* 212 Ga. 444 (2) (93 SE2d 578).

Code § 53-102 provides the qualifications to be able to contract marriage. The disability listed in Division 1 of this Section which disqualifies a person from contracting marriage is: "Previous marriage undissolved." By Ga. L. 1957, p. 83, Division 1 was amended as follows: "The dissolution of a previous marriage in divorce proceedings must be affirmatively established and will not be presumed."

In *Zurich Ins. Co. v. Craft,* 103 Ga. App. 889 (2) (120 SE2d 922), the Court of Appeals, construing this amendment to Code § 53-102, held as follows: "Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, a presumption arises that the second marriage is valid until evidence is adduced that the spouse of the first marriage is living, and only then does the act of 1957 amending Code § 53-102 (Ga. L. 1957, p. 83), place the burden on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce." See also *American Mut. Liab. Ins. Co. v. Copeland,* 113 Ga. App. 707 (1) (149 SE2d 402).

We think the Court of Appeals in the foregoing cases correctly decided the effect of the 1957 amendment to Code § 53-102. In the present case Ethel Miller Smith made a prima facie case that she was the lawful widow of Tommy Smith when she introduced evidence of her ceremonial marriage with him in 1955. The introduction in evidence by Leon Smith of evidence of two ceremonial marriages by Tommy Smith, prior to his marriage with her, without any evidence that these former spouses are living, did not place the burden of evidence on Ethel Miller Smith to prove that these marriages had been dissolved by divorce.

The trial judge therefore erred in finding that Ethel Miller Smith had not carried the burden of establishing that she was the lawful widow of Tommy Smith.

■ The evidence showed that Ethel Miller Smith lived with Tommy Smith from the date of their marriage in 1955 until some time in 1965. She last saw him in 1970. They were not divorced. Tommy Smith died February 20, 1971, and his brother, Leon Smith, was appointed temporary administrator of his estate on March 15, 1971.

Ethel Miller Smith had no actual knowledge of her husband's death until Leon Smith came to Moultrie, Georgia, where she was living, in July, 1971, and informed her of his death. She testified that: Leon Smith told her that he wanted her to come back to Valdosta with him and sign some papers. He told her that her husband had sold all of his land and spent the money he got, and all he owned at the time of his death was his interest in his old home place, which would be seven acres of land. When they got to Valdosta they went to the office of Leon Smith's attorney. The contract was already prepared. She did not understand the contract, and asked Leon Smith to explain it to her. He told her that it was all right for her to sign it. He said it was for the seven acres of land. The consideration for the contract was $500. He gave her a check for this amount and she cashed it. On cross examination she stated that she did not read the contract, that she glanced over it. She could not read all of it. She

only had a third grade education in school. She did not ask anyone to read it to her.

Leon Smith testified: Immediately after his brother's death he started trying to locate Ethel Miller Smith, and finally contacted her about July 13, 1971. Soon after locating her, he brought her to his home so that she could visit the graveyard and old home place. She stayed with him and his wife in their home, and they were talking about what she was going to do, and she said that she would sell out to some of the other heirs, and he said, "Well, I am an heir, how about selling to me?" She agreed, and he offered her $500 for her interest in the estate, and she said that would be all right. He told her if he was going to buy, he wanted the whole interest. He called his attorney, who prepared the paper, and the next day she went to the office and signed it. On cross examination he stated that: He did not tell her that her husband only owned seven acres. He told her that her husband had an interest in the old home place. He did not tell her what her husband actually owned; he did not know himself. At the time the contract was signed he had already picked up two unrecorded deeds at the clerk's office that belonged to the estate, and had collected $2000 on an indebtedness owed to the deceased. Ethel Miller Smith tendered the $500 back to him, but he refused it.

The contract signed by Ethel Miller Smith was dated July 19, 1971. It recited in part as follows: "For and in consideration of the sum of $500, the receipt and sufficiency of which is hereby acknowledged, the undersigned Ethel Miller Smith does hereby bargain, sell, assign, transfer and set over unto Leon Smith, of Echols County, Georgia, any and all claims, rights, demands, actions, causes of action, rights of inheritance and other interests of any nature whatsoever she had, has or may have against Tommy Smith, now deceased, or his estate . . . " The contract also appointed Leon Smith as her attorney in fact.

The trial judge found that Ethel Miller Smith is able to read, that she was not prevented from reading the

contract. He held that the contract was valid and binding on her and that she has no legal interest in her deceased husband's estate which would authorize the grant of a year's support, or entitle her to object to the appointment of Leon Smith as permanent administrator.

While the trial judge, on conflicting evidence, has the right to make a determination of the facts, in our opinion he did not give proper consideration to the duty of Leon Smith, as temporary administrator of Tommy Smith, to disclose to the widow the condition of her husband's estate before contracting to buy her entire interest in the estate for $500.

"The policy of the law forbids that administrators, executors, or trustees, having duties to perform in reference to property for their cestuis que trust, should deal with the beneficiaries with respect thereto, except upon the footing of the utmost candor and upon considerations demonstrative of the absence of any undue advantage." *Collier v. Collier,* 137 Ga. 658, 663 (74 SE 275, AC 1913A 1110); *Dorsey v. Green,* 202 Ga. 655, 659 (44 SE2d 377).

The evidence shows without dispute that at the time Leon Smith procured the contract from his brother's widow, assigning all the property of his brother's estate to him for $500, he was temporary administrator of his brother's estate, had already collected $2000 owing the estate, and had two deeds in his possession evidencing the ownership of real property by his brother. He admits that he made no disclosure to the widow of the property owned by his brother. The widow was the sole heir of her husband and entitled to all of his estate. Code Ann. § 113-903 (1). It was the duty of the temporary administrator to preserve the assets of the estate for her, and not to procure an assignment from her of all the assets of the estate at a fraction of its value.

Regardless of whether the evidence demanded a finding that fraud was practiced on her at the time of the actual signing of the contract, the contract was voidable at the widow's option because the administrator made an unfair

bargain with the widow whose interest he was required by law to protect. *Edwards v. Collins,* 207 Ga. 204 (60 SE2d 337).

The trial judge erred in holding that Ethel Miller Smith was not entitled to have set aside the assignment of all her interest in her husband's estate to the temporary administrator.

■ On August 5, 1971, Leon Smith applied to the Court of Ordinary of Echols County to be appointed permanent administrator of the estate of Tommy Smith. In this application he listed the spouse as Ethel Miller Smith, but stated that her address and relationship was unknown. He stated further that full particulars were lacking as to the marital status of Tommy Smith, the reason being: "Ethel Miller Smith has been absent and her address unknown for approximately eleven years. Petition[er?] is informed that Tommy Smith and Ethel Miller Smith may have obtained a divorce."

Leon Smith asserts that this petition was prepared prior to the time he located Ethel Miller Smith, and through inadvertence the petition was not changed after he determined her address. The misrepresentation, if inadvertent, was as to a very material fact. The widow was entitled to administer her husband's estate. Code § 113-1202. The ordinary, apparently acting under the false information contained in the petition, granted permanent letter of administration to the brother of the deceased.

Since we have held in Division 2 of this opinion that the contract assigning all her interest in her deceased husband's estate was voidable at the widow's option, Leon Smith has no interest in his brother's estate, and his appointment as permanent administrator must be set aside.

*Judgment reversed. All the Justices concur.*