31405. PATRICK et al. v. SIMON.

JORDAN, Justice.

This appeal is from the grant of a summary judgment to the plaintiff-appellee.

Eloise Williams Simon, as temporary administratrix (later permanent administratrix) of the estate of Lonnie S. Smith, brought an action against J. C. Patrick and Essie Mae Patrick for temporary injunction and to recover property of the estate from them.

The property had been set aside as a year's support to the mother of the defendants-appellants, as the widow of Lonnie S. Smith. It was alleged that the year's support decree was obtained by fraud and is void because Essie Mae Patrick Smith was not the lawful widow of Lonnie S. Smith, since she had a living husband at the time of her ceremonial marriage to Smith. Essie Mae Patrick Smith is now deceased.

Lonnie S. Smith by his will gave a life estate in his real property to Essie Mae Patrick Smith with remainder to Eloise Williams (now Simon) during her life, and then to James H. Smith.

1. There is no merit in the appellants' contention that the complaint to set aside the year's support award was not brought within three years from the date of the

award. The appellants erroneously count the time from the date the appraisers set aside the property, and not from the date of the final consent decree granting a year's support to Essie Mae Patrick Smith.

2. We do not agree with the contention of the appellants that the decree awarding the year's support was res judicata on the issue of Essie Mae Patrick Smith being the lawful widow of Lonnie S. Smith.

In the year's support proceeding there was a caveat by creditors of Lonnie S. Smith and his former wife, Lonie M. Smith, in which the creditors asserted that Essie Mae Patrick Smith was not the lawful widow of Lonnie S. Smith because of her previous undissolved marriage. The consent decree between Essie Mae Patrick Smith and these creditors determined that she was the lawful widow of Lonnie S. Smith.

The defense of res judicata can be allowed only where the former judgment is between the same parties or their privies. Code § 110-501. The appellee, as administratrix of Lonnie S. Smith, was not a privy to the creditors who filed a caveat in the year's support proceeding.

3. Essie Mae Patrick Smith (formerly Essie Mae Stembridge) entered into marriage ceremonies on July 17, 1933, with John Ary Dollison; on April 29, 1934, with Nathaniel Harmon; on May 18, 1940, with Obie Patrick; and on November 21, 1968, with Lonnie S. Smith. There was no evidence that she was divorced from any of these.

There is no evidence concerning the whereabouts of John Ary Dollison after the date of his marriage to Essie Mae Stembridge. Nathaniel Harmon and Obie Patrick are both in life and neither was divorced from Essie Mae to his knowledge.

The present rule as to the presumption of validity of a second marriage was stated in *Smith v. Smith,* 230 Ga. 616, 618 (198 SE2d 307) (1973), where this court approved the ruling of the Court of Appeals in *Zurich Ins. Co. v. Craft,* 103 Ga. App. 889 (2) (120 SE2d 635) (1961), as follows: "Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, a presumption arises that the second marriage is valid until evidence is adduced that the spouse of the first marriage is living, and only then

does the Act of 1957 amending Code § 53-102 (Ga. L. 1957, p. 83), place the burden on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce."

Cases cited by the appellants, such as *Woodum v. American Mutual &c. Ins. Co.*, 212 Ga. 386, 389 (93 SE2d 12) (1956), decided prior to the 1957 amendment to Code § 53-102, do not state the present law on the presumption as to the validity of second marriages.

There was no evidence that Dollison was in life when Essie Mae Stembridge married Harmon, and the legal presumption is that she was lawfully married to Harmon. Since Harmon survived her, the appellants had a duty to come forward with evidence that she was divorced from Harmon. In the absence of such evidence the law presumes that she was not legally married to Obie Patrick or to Lonnie S. Smith.

4. The evidence was not contradicted that the appellee did not know about the year's support proceeding. There was evidence that Essie Mae Patrick Smith had assured the appellee that she was holding the property of Lonnie S. Smith during her lifetime only, and that it would then go to the appellee under the terms of Lonnie Smith's will.

The trial judge did not err in granting summary judgment to the appellee holding that Essie Mae Patrick Smith was not the lawful widow of Lonnie S. Smith; that the appellants hold the property that was awarded to Essie Mae Patrick Smith in the year's support award as constructive trustees for the estate of Lonnie S. Smith; and in ordering the appellants to convey the property to the appellee as administratrix. *Griffin v. Booth*, 176 Ga. 1 (167 SE 294) (1933); Code § 108-160 (2).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*Benjamin Zeesman,* for appellants.
*Hurt & Pfeiffer, Guy D. Pfeiffer,* for appellee.