## 57078. UDDYBACK v. JOHNSON.

SHULMAN, Judge.

Appellant-Uddyback, claiming to be the widow and sole heir of one Elbert Sirmans, petitioned the probate court for an order to declare no administration necessary. Appellee-Johnson, also claiming to be Sirmans' lawful widow, filed a caveat to plaintiff's petition, alleging that plaintiff had entered into a subsequent marriage during the lifetime of the deceased. The caveat was sustained, and plaintiff appealed to the superior court. From a jury verdict in favor of defendant, plaintiff takes this appeal.

Appellant introduced evidence of a valid ceremonial marriage between the deceased and herself and testified that she neither filed nor received notice of a divorce. Appellant claims that, having established a prima facie case of the undissolved marriage between Sirmans and herself, the burden of evidence then shifted to defendant to rebut the validity of plaintiff's preexisting marriage. Appellant argues that defendant's proof of her subsequent contract of marriage with Sirmans was not sufficient evidence to rebut plaintiff's prima facie case; that it was incumbent upon appellee to prove the dissolution of appellant's prior marriage to Sirmans; and that, without such proof, appellant was entitled to judgment as a matter of law. We agree with appellant's contentions and, accordingly, reverse the judgment below.

This case is controlled by *Smith v. Smith,* 230 Ga. 616 (1) (198 SE2d 307). In accordance with *Smith,* once the plaintiff, as Sirmans' spouse in life, introduced evidence of her ceremonial marriage to Sirmans, it was necessary for the defendant to produce evidence of the dissolution of Sirmans' prior marriage. See also *American Mut. &c. Ins. Co. v. Copeland,* 113 Ga. App. 707 (1) (149 SE2d 402). As no evidence of a dissolution was introduced by the defendant, defendant failed to satisfy her burden of evidence. This being so, the evidence demanded a finding in favor of the validity of the first marriage. Id., Division 2. Plaintiff's motion for a directed verdict was improperly denied.

*Judgment reversed. Deen, C. J., and McMurray, J., concur.*

Submitted January 8, 1979 — Decided April 4, 1979 — Rehearing denied May 3, 1979 —

*D. W. Slone, Benjamin Gratz, Jr.,* for appellant. *George H. Wynn,* for appellee.

On Motion for Rehearing.

On motion for rehearing, appellee, citing *Woodum v. Am. Mut. Liab. Ins. Co.,* 212 Ga. 386 (2) (93 SE2d 12),

reiterates her argument that evidence of appellant's subsequent marriage to J. C. Uddyback raised the presumption that appellant's second marriage was valid. In essence, it is suggested that appellant failed to rebut the presumption of the validity of her subsequent marriage to Uddyback; that as a consequence of this failure appellant must be presumed to have done everything that was necessary to dissolve her first marriage to Sirmans; and that, therefore, appellant could not have been the lawful widow of Sirmans. We do not find this argument persuasive.

Appellee's reliance on *Woodum* is misplaced. The Supreme Court in *Patrick v. Simon*, 237 Ga. 742, 744 (229 SE2d 746), held that cases "such as *Woodum* [supra], decided prior to the 1957 amendment to Code § 53-102, do not state the present law on the presumption as to the validity of second marriages." Under the provisions of Code Ann. § 53-102, the dissolution of a previous marriage in divorce proceedings must be affirmatively established and will not be presumed. Appellant's testimony established that she had entered into a valid ceremonial marriage with Sirmans prior to that of her marriage to Uddyback, that Sirmans was alive when the second marriage occurred, and that appellant was the living spouse of the first marriage. This rebutted the presumption of the validity of appellant's second marriage to Uddyback. It was thereafter incumbent upon the appellee, as the party asserting the validity of the second marriage, to go forward with the evidence and show that appellant's prior marriage to Sirmans was dissolved by divorce. In the absence of such an evidentiary showing, appellee failed to carry her burden, and appellant must prevail as a matter of law.

Appellee's protestations notwithstanding, appellee is not relieved from the burden of going forward with the evidence simply because she was never a party to the marriage of Sirmans and appellant. See, e.g., *Smith v. Smith*, supra, impliedly holding that if the burden of producing evidence had shifted, then it would be incumbent upon the party asserting the validity of the second marriage to establish the dissolution of prior marriages of her alleged spouse to others.

*Motion for rehearing denied.*