30085. OCEAN ACCIDENT & GUARANTEE CORPORATION LIMITED *v.* J. B. POUND HOTEL COMPANY *et al.*

DECIDED MAY 28, 1943.

448

*Ernest J. Haar,* for plaintiff in error.
*Abrahams, Bouhan, Atkinson & Lawrence,* contra.

FELTON, J. Mrs. Mary N. Moore obtained a judgment against J. B. Pound Hotel Company in an action for damages in which she alleged that she sustained injuries when, as she was walking along the sidewalk adjacent to the Hotel DeSoto in Savannah, Georgia, she slipped in a pool of oil on the sidewalk which was spilled out of the hydrant from the rear of a tank truck owned by the hotel, as it was driven across the sidewalk into a parking space on the hotel property, within an hour prior to the injury. The Employers Liability Assurance Corporation, Ltd., paid the judgment of $1350 and $14 costs by reason of a policy issued by it to the hotel company covering the accident, and obtained a subrogation agreement from the hotel company by which it was subrogated to the rights of the hotel company against the Ocean Accident & Guarantee Corporation, Ltd., arising out of a policy issued by it on the truck from which the oil is alleged to have leaked. The hotel company for the use of the "employers," and the "employers" in its own behalf sued the Ocean Accident &c. Corporation to recover one half of the amount paid on the judgment and costs, and $125 representing one half of the attorney's fees alleged to have been incurred by the hotel company in the action brought by Mrs. Moore. The general and special demurrers to the petition were overruled and the defendant excepted.

The action is predicated on the theory that the insurance policies issued by the two companies provide concurrent insurance covering the injury suffered. Without deciding whether such is the case we shall assume that they do. The insurance contract issued by the Ocean Accident &c. Corporation was issued to DeSoto Hotel, whose occupation was therein stated to be "hotel." The automobile described in the policy is "1938 Chevrolet truck, tank body with 1½ tons cab." The purposes for which the truck was to be used were not stated in the space provided for such statement. The policy provided for liability of the insurance company for damages caused by accident arising out of the ownership, maintenance, or use of the automobile, and that use of the automobile for the purposes stated included the loading and unloading thereof. It is conceded that the injury did not occur while the truck was being loaded or unloaded. The question is whether the injury arose out of the operation or use of the truck.

In Caron v. American Motorists Insurance Co., 277 Mass. 156 (178 N. E. 286), it was held that a similar policy issued to the owner of a motor truck used by him in delivering ice did not provide indemnity against loss to one who, in passing on a crosswalk on a public way behind the truck while it was not in motion, fell and was injured when he slipped on a piece of ice which had broken from cakes being removed from the truck and had fallen to the crosswalk. The court in that case, among other things, said that the motor vehicle was not in motion; that the plaintiff's injury did not result from its being stationary on the public way; that transportation by motor vehicle of the ice which caused the injury had ended; that the ice had come to rest on the street and there had no connection with the motor vehicle; that the injury might as well have resulted in such conduct in connection with a horse-drawn or hand-pushed vehicle; and that it had no peculiar or necessary connection with a motor vehicle as such. In U. S. F. & G. Co. v. Breslin, 243 Ky. 734 (49 S. W. 2d, 1011), it was held that an accident which occurred as a result of sand's falling from a truck on a sidewalk did not result from the operation of the truck. In Luchte v. State Automobile Mutual Insurance Co., 50 Ohio App. 5 (197 N. E. 421), it was held that such a policy did not cover a claim for wrongful death resulting from collision of a motorist at night with coal dumped into a street from a truck and negligently left without lights or warning, in violation of an ordinance.

Mullen v. Hartford Accident & Idemnity Co., 287 Mass. 262 (191 N. E. 394), holding that there was coverage under a similar policy, is clearly distinguishable from the cases cited above. In that case oil leaked from the crank case of the insured truck. The opinion closes with the following statement, which puts a finger on the distinction referred to: "The escape of oil was peculiar to automobiles and intrinsically related to the machine itself and not to the load it happened to be carrying." In Owens v. Ocean Accident & Guarantee Cor., 194 Ark. 817 (109 S. W. 2d, 928) the court construed the policy as insuring an "ambulance" and not a motor vehicle. It was held in that case that the policy insured against damages by reason of the "ownership, maintenance and use" of an ambulance used in the insured's business, and covered an injury occurring while a patient was being carried on a stretcher from her room to the ambulance, on the theory that while the use

of the stretcher was not a necessary incident to the use of the automobile as a motor vehicle, it was an essential transaction in connection with its use as an ambulance. In the instant case the truck is insured as a motor vehicle and not as a "lubricating oil purveyor," as the policy does not state what kind of fluid is to be carried as a load on the truck. In Quality Dairy Co. v. Fort Dearborn Casualty Underwriters, (Mo. App.) (16 S. W. 2d, 613), a wagon which was being hauled by a motor truck became detached, colliding with an automobile. The court properly held, we think, that the operation of the truck was the proximate cause of the injury. There the load itself did not cause the injury, but the active operation of the truck caused the load to produce the injury. In the instant case the only thing active is the load itself. There are cases which are in principle contrary to that supported by the cases above cited, but we consider the cited cases as expressing the correct view. We conclude that the injuries complained of did not arise out of the use of the truck, and that the court erred in overruling the general demurrer to the petition. It is not necessary to decide the other questions raised.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*