35890.   McCORMICK *et al.* *v.* McCORMICK.

Decided January 11, 1956—Rehearing denied January 26, 1956.

*Spalding, Sibley, Troutman & Kelley, Richard A. Denny, Jr.,* for plaintiff in error.

*Ernest Bostich,* contra.

QUILLIAN, J. The evidence shows conclusively that no divorce was had between Mrs. Dora McCormick and the deceased at any time since their second marriage with the exception of about ten months. This interval was from January of 1946 until about October of 1946 when the deceased arrived in Atlanta. The record discloses that the counsel stipulated certain laws of the States of Virginia, Nevada, Florida and Arkansas, for the purpose of showing the time required for obtaining a divorce in those States.

Although it is stated that these laws were stipulated, the brief of evidence does not show the details as to the time required to obtain a divorce in those States. There being no provision for a divorce in common law, (17 Am. Jur. 151), in the absence of any pleaded and proved particular statute of the above mentioned States the law of those States is presumed to be the same as Georgia's and the laws of this State will control the time required to establish residence for the purpose of obtaining a divorce. The residence requirements to obtain a divorce being twelve months during the ten months that the deceased's place of residence was not known, we cannot assume that he could have obtained a divorce in any one of the States mentioned in less time than required in this State. There being only ten months' time in which it was not conclusively shown that the deceased did not obtain a divorce the evidence demanded a finding that no such divorce had been obtained. The trial judge erred in granting a new trial for the reasons assigned.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*