19299. McCORMICK *v.* DENNY *et al.*

CANDLER, Justice. While residents of Virginia and during 1920, R. S. Mc-Cormick, Sr., and Dora McCormick were married. They separated, were divorced, and married again in 1942. During the latter part of December, 1945, or the first part of January, 1946, they separated again. She then filed another suit for divorce against him in Virginia, but it was later dismissed for want of prosecution. From the date of their last separation until Mr. McCormick came to Fulton County, Georgia, during October, 1946, his whereabouts and the place of his legal residence were unknown. He and Sophie Rhoden ceremoniously married in Fulton County, Georgia, on February 12, 1947. From the date of their marriage, except for a period of seven months residence in Texas, they lived together as man and wife in Fulton County until he died on September 8, 1954. On October 7, 1954, Sophie Rhoden McCormick, alleging herself to be the widow of R. S. McCormick, Sr., filed an application in the Fulton County Court of Ordinary for permanent letters of administration on his estate. Dora McCormick filed a caveat to her application on the ground that the applicant was not the lawful widow of the deceased since the last marriage between the caveatrix and him had never been dissolved by divorce or otherwise. Her two children joined with her in filing the caveat. Their caveat was sustained in the court of ordinary, and Richard A. Denny, Jr., was appointed administrator after being selected by Dora McCormick and one of her children as a suitable person for such appointment. In due time, the case was appealed to the Superior Court of Fulton County. There a verdict against the applicant was rendered. On the usual general grounds, the applicant moved for a new trial, and later amended her motion by adding special grounds. Her amended motion

was granted by the trial judge and the losing parties excepted to that judgment and sued out a writ of error to the Court of Appeals. That Court reversed the judgment granting a new trial. *McCormick* v. *Mc-·Cormick,* 93 *Ga. App.* 419 (91 S. E. 2d 859). On application therefor, this court granted the writ of certiorari to review the judgment rendered by the Court of Appeals. *Held:*

1. "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Code § 6-1608; *Sparks* v. *Noyes,* 64 *Ga.* 437.

2. Where one who has been previously married by regular ceremony marries another and they live together as man and wife, there is a presumption that they had capacity to so contract; and this presumption prevails until the party attacking the subsequent marriage disproves every reasonable possibility of its validity by clear, distinct, positive, and satisfactory proof. *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d 379); *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d 539); *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (53 S. E. 2d 480); *Azar* v. *Thomas,* 206 *Ga.* 588 (57 S. E. 2d 821); *Woodum* v. *American Mutual Liability Ins. Co.,* 212 *Ga.* 386 (93 S. E. 2d 12), and citations.

3. On the trial of this case, it was stipulated that the whereabouts and legal residence of the deceased were unknown from about January 1, 1946, until the middle of October of the same year; that no divorce was granted between the deceased and Dora McCormick during that time in Rockbridge, Virginia, or in Newport News, Virginia; and that he did not obtain a divorce in Fort Worth, Tarrence County, Texas, where he and his second wife resided for about seven months after their marriage on February 12, 1947. Dora McCormick testified that she had not obtained a divorce from the deceased since their second marriage, and Richard A. Denny, Jr., testified that he had examined the records of the Superior Court of Fulton County, Georgia, and that no divorce between the deceased and his first wife had been granted in that court. Respecting the asserted invalidity of the deceased's second marriage, no other proof is before this court. As previously pointed out, the burden was on the parties attacking the validity of the second marriage to show its invalidity by clear, distinct, positive, and satisfactory proof, and they could carry this burden and overcome the prima facie validity of the second marriage only by proving that there was no jurisdiction in which the deceased could have obtained a valid divorce from his first wife during the ten months of his unaccounted-for whereabouts and legal residence, or if there was such a jurisdiction, by proving that he did not in fact obtain a divorce there during such period. This burden was not carried by the attacking parties by proof sufficient to show that it was reasonably impossible for the deceased to have obtained a valid divorce from his first wife in some jurisdiction authorized to grant divorces during the ten months of his unaccounted-for whereabouts and legal residence; hence, from the evidence before us, a verdict for the applicant was demanded.

446

4. Since a verdict for the applicant was demanded by the evidence, the trial judge properly granted a new trial and the Court of Appeals erred in reversing his judgment.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 16, 1956—DECIDED JUNE 11, 1956—
REHEARING DENIED JUNE 26, 1956.

*Ernest Bostick, Joseph B. McConnell, Chester E. Wallace,* for plaintiff in error.

*Spalding, Sibley, Troutman, Meadow & Smith, Richard A. Denny, Jr., James M. Sibley,* contra.