35890. McCORMICK *et al. v.* McCORMICK.

DECIDED JULY 27, 1956.

*Richard A. Denny, Jr., Spalding, Sibley, Troutman, Meadow & Smith,* for plaintiffs in error.

*Ernest Bostick, Joseph B. McConnell,* contra.

QUILLIAN, J. The Supreme Court reversed the judgment of this court in this case. *McCormick v. Denny,* 212 *Ga.* 444 (93 S. E. 2d 578). The Supreme Court has reversed our judgment in this case on the evidence which it had before it. There is evidence in the record which we did not consider in our determination of the case and which the Supreme Court did not have before it in its consideration of the case. For our authority in such an event, see *Lawler v. Life Ins. Co. of Ga.,* 91 *Ga. App.* 443, 444 (3) (85 S. E. 2d 814). The Supreme Court's directive to this court is that such further action be taken by this court as may be necessary to give effect to the Supreme Court's opinion. The evidence referred to is the application of deceased for a marriage license, sworn to by him on February 12, 1947, an exact copy of which is as follows:

"Application for marriage license.

Husband

| | | |
|---|---|---|
| Full Name | | Robert Steele McCormick |
| Residence | | 698 Piedmont Ave., N. E. |
| Birthdate | 49—8-30-97 | Race White |
| Birthplace | | Augusta Co. Va. |
| Last school grade completed | | 8th |
| Occupation | | Mechanic |

| | |
|---|---|
| Number of previous marriages | One |
| How dissolved | Div. |
| Date | Place |
| Upon what grounds | Desertion |
| When          Nov. 1946 | Where     Rockbridge Co. Va. |
| Any legal impediment? | None |
| Date of contemplated marriage | Feb. 12, 1947 |
| Place of contemplated marriage | |
| Father's name | Atlanta |
| Father's residence | George McCormick |
| | Roanoke, Va. |
| Mother's name | Annie McCormick |
| Mother's residence | Decd. |
| Parents' nationality | Amer. |

                         Applicant      R. S. McConnell

Sworn to and subscribed before
me this 12 day of Feb. 1947
              M. L. Shirley
Notary Public Fulton County, Ga."

Mrs. Dora V. McCormick testified that she filed a divorce suit against the deceased in February of 1946 in Newport News, Virginia, and that she dropped it. It was stipulated that no divorce was ever obtained by Dora V. McCormick or Robert Steele McCormick in Newport News, Virginia, and that no divorce was or has been obtained by Dora V. McCormick or Robert Steele McCormick in Rockbridge County, Va., from January 1, 1942, to the date of the stipulation of facts. It is contended by the defendant in error here that the answer of the deceased to the question in the application for a marriage license, to wit "When," referred to the date of desertion and not to the date of the divorce, and that the answer, to wit, "Nov. 1946" referred to the date of desertion. The same contention is made to the question "Where" and the answer "Rockbridge Co., Va." We cannot agree with this contention. The evidence shows that the divorce suit against deceased was filed in February of 1946 and the desertion could not have postdated that time as the parties did not thereafter live together and the deceased is presumed to have known that fact. Furthermore, the date of the grounds for a divorce are not relevant in the application for a marriage license.

The question and answer covering when and where a divorce was obtained are duplicated on the application and the person filling it in simply omitted one set of questions and answers. Furthermore, even if the placing of the questions and answers was carelessness, a consideration of the purpose of the questions and answers shows beyond doubt what was meant. Another instance is that the father's name was "Atlanta" and the father's residence, "George McCormick, etc." The evidence demanded the finding that the deceased represented that he and his first wife were divorced in Rockbridge County, Va., in November, 1946. This answer was given under oath and demanded the finding that the deceased swore falsely and that he did not obtain a divorce anywhere. He did not obtain a divorce. He might have mistakenly thought that his wife went through with her divorce and obtained a decree but he did not know it because it was not true. But whatever he intended or thought, his answers in the application show an admission that he himself did not obtain a divorce anywhere. The admission made by the deceased is binding on the defendant in error here if for no other reason because he made it in the application for a marriage license relied on by her to sustain her relationship and position in this case. *Whigby v. Burnham*, 135 *Ga.* 584 (69 S. E. 1114) is not authority to the contrary, nor is any case cited therein. There is no statement or admission in this case which contradicts the fact that the deceased was married to Dora V. McCormick. Marriages are followed by divorces and the statement that a divorce has been granted is not a statement that there was no marriage. The ruling in *Mayo v. Owen*, 208 *Ga.* 483 (67 S. E. 2d 709), in our opinion, is authority for our conclusion. There Mayo's statement on oath in a different proceeding is analogous to the deceased's false oath in this case.

The proved fact that the deceased swore falsely in obtaining the marriage license is more than an impeachment of his representation. It requires the inference that he had not obtained a divorce anywhere for the reason that if he had done so he knew it as a fact and certainly would have told the truth about it in applying for the license. The deceased's false statement is a fact like any other fact from which inferences may be drawn. The fact that he made a false statement is not hearsay but assuming

that it is, it was part of the res gestae of obtaining the license and, if not admissible for that reason, it is from the necessity of the case, since Mrs. Dora McCormick would have to examine the records in every jurisdiction in forty-eight States to disprove the fact that the deceased obtained a divorce from his first wife.

The same kind of inference was permitted in *Mayo* v. *Owen*, supra. Of course, there the party himself made the false statement but whether the deceased was a party is irrelevant. The same inference is demanded in this case whether it is made against the deceased or his alleged second wife. The logic of the inference is as strong in one case as the other. The alleged second wife is a privy in alleged status and in alleged estate with the deceased but in our opinion that is not necessary to the validity of the inference. The gravamen of the state of affairs is not that the deceased sought to impeach his first marriage but that he misrepresented that his first marriage had been dissolved and the place where. The plaintiff in error did not attack the marriage certificate as a whole and it was permissible for her to show that a misrepresentation was made therein. *Merchants' Bank of Macon* v. *Rawls*, 7 *Ga.* 191 (50 Am. D. 394).

We think the evidence demanded the finding that the purported marriage to the defendant in error was void and that the trial court erred in granting a new trial. Our former judgment on the return of this case to this court is vacated and the judgment reversed.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*