### 19500. McCORMICK v. DENNY et al.

Hawkins, Justice. This is the second appearance of this case in this court on the grant of a certiorari. For a statement of the nature of the case and of the questions presented, see *McCormick v. McCormick*, 93 *Ga. App.* 419 (91 S. E. 2d 859); *McCormick v. Denny*, 212 *Ga.* 444 (93 S. E. 2d 578). After the return of the case to the Court of Appeals under our former decision, that court, in 94 *Ga. App.* 782, gave consideration to, and based its judgment now under review upon, an application of the deceased husband for a marriage license, made by the husband just prior to his ceremonial marriage to Sophie Rhoden McCormick, which application was not before this court upon the former appearance of the case. The Court of Appeals construed this application as containing a statement by the husband that a previous marriage had been dissolved by divorce granted in a named county in Virginia, which statement was shown to be false because of the stipulation that no divorce had been granted either to McCormick or his former wife in that county, and held (p. 784) that "This answer was given under oath and demanded the finding that the deceased swore falsely and that he did not obtain a divorce anywhere. He did not obtain a divorce . . . his answers in the application show an admission that he himself did not obtain a divorce anywhere." We are unable to follow this line of reasoning by the Court of Appeals. The fact that no divorce was granted either to the husband or to the former wife in the county named by him simply means that this statement was false or untrue; but such false statement could not under any logical line of reasoning be held to demand a finding that the husband "did not obtain a divorce anywhere. [That] He did not obtain a divorce." We again hold that the parties attacking the second marriage, which is presumed to be valid, had the burden of overcoming this presumption by disproving every reasonable possibility of its validity by clear, distinct, positive, and satisfactory proof. The evidence in this case does not demand a verdict that the second marriage is void, and the judgment of the Court of Appeals reversing the first grant of a new trial is reversed.

*Judgment reversed. All the Justices concur.*

Argued January 16, 1957—Decided February 12, 1957.

*Ernest Bostick, Joseph B. McConnell,* for plaintiff in error. *Spalding, Sibley, Troutman, Meadow & Smith, James M. Sibley, Richard A. Denny, Jr.,* contra.