59181. JONES v. TRANSAMERICA INSURANCE COMPANY.

Sognier, Judge.

This is an action by an alleged widow, Bernice M. Jones, against Transamerica Insurance Company to recover death benefits of an insured, Robert Jones, who apparently died as a result of carbon monoxide poisoning. Appellant married Jones in March, 1969; the couple separated in 1971. Jones married Ada Mae Oliphant in 1973. Appellant filed a claim for $5,000 with Transamerica as Jones' widow. Transamerica refused to pay the

claim, and appellant filed a complaint seeking recovery under the policy as well as a penalty for bad faith and attorney fees. The trial court directed a verdict in favor of appellee. We affirm.

1. Appellant contends that the trial court erred in directing a verdict for appellee; her contention is based on the Georgia Motor Vehicle Accident Reparations Act. Under the Act, Code Ann. § 56-3407b insured persons are entitled to recover benefits without regard to fault from "(a) accidental bodily injury sustained . . . while occupying any motor vehicle, or while a pedestrian as the result of being struck by a motor vehicle . . ." "Accidental bodily injury" is defined as "bodily injury, sickness or disease, including death at any time resulting therefrom, arising out of the operation, maintenance or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits as provided by section 56-3403b." Code Ann. § 56-3402b (c). The evidence disclosed that the insured was found dead in the garage of his home. He was lying on the floor between his car and the closed garage door. The car's ignition was on, the car's battery was dead, and the gas gauge registered empty. A doctor testified that the insured apparently died from asphyxiation from carbon monoxide poisoning. Appellant contends that the insured died from accidental bodily injury arising out of the operation, maintenance or use of a motor vehicle. We agree.

There is no Georgia case directly on point. However, this court has interpreted the word "use" with regard to statutes and insurance policies involving motor vehicles. The term does not imply "remoteness," but does extend beyond actual physical contact with the vehicle; and it would seem to extend at least to the point, beyond physical contact, where control over the instrumentality is easily or reasonably at hand. *Hartford Accident &c. Co. v. Booker,* 140 Ga. App. 3 (230 SE2d 70) (1976). The injury resulted from an accident peculiar to the motor vehicle and was intrinsically related to the vehicle itself, making the injury sufficently connected to the use and operation of the vehicle to allow recovery under the act. *Ocean Accident &c. Corp. v. J. B. Pound Hotel Co.,* 69 Ga. App. 447 (26 SE2d 116) (1943).

2. Appellant also contends that she is entitled to the benefits from the policy as widow of the deceased. With this contention we cannot agree. The evidence showed that appellant separated from the insured in 1971 and thereafter he married Ada Mae Oliphant. The presumption in favor of the validity of a second marriage is strong, and the burden is upon the one attacking said marriage to overcome the presumption by clear, distinct, positive and satisfactory proof. *Longstreet v. Longstreet,* 205 Ga. 255 (53

SE2d 480) (1949); *Nash v. Nash,* 198 Ga. 527, 531 (32 SE2d 379) (1944); *Brown v. Parks,* 173 Ga. 228, 232 (160 SE 238) (1931); *Robertson v. Robertson,* 90 Ga. App. 576, 582 (83 SE2d 619) (1954). Appellant failed to sustain her burden of proof that her marriage to the deceased was not dissolved. Although this is a heavy burden for a party to bear, especially where, as here, the other interested parties are all deceased, we find that this rule must be followed. The statute provides that if the deceased is survived by a spouse or dependent child or children, payment shall be made to the spouse, if alive; otherwise, payment shall be made to the child or children. Code Ann. § 56-3403b. Since appellant failed to prove that she was the lawful wife of the insured, she may not recover under the statute for herself.

3. Finally, the trial court directed a verdict in favor of appellee on the question of bad faith and attorney fees under Code Ann. § 56-3406b (b). In view of our holding in Division 2 above, it cannot be said that appellee acted in bad faith in refusing to pay appellant's claim absent reasonable proof that she was the insured's widow.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED APRIL 28, 1980.

*Wallace H. Pilcher,* for appellant.
*James C. Abbot, A. Montague Miller,* for appellee.