66736. TURNER TRANSPORTATION COMPANY et al. v. WARNER.

DEEN, Presiding Judge.

Paul E. Warner brought suit against Turner Transportation Company and Associated Petroleum Carriers to recover medical expenses and lost wages under the Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-1 et seq. (Code Ann. § 56-3401b et seq.)) Warner, a DeKalb County police officer, was making his evening duty rounds when he observed a previously unnoticed and apparently abandoned tractor-trailer parked in the parking lot of a shopping center and decided to investigate to determine if the driver was in distress or if the vehicle was stolen. He entered the cab and located the log book containing the driver's name and telephone number. The officer then used his portable transmitter to radio headquarters and requested that the driver be contacted to determine the status of the truck and that the department run a tag check on the vehicle. While descending from the cab on the ladder steps, Warner slipped on a wet rung, lost his balance, fell to the ground and injured his back. He later made a claim to Turner Transportation for no-fault benefits which was denied. Appellants contend that the trial court erred in denying their motion for summary judgment and granting Warner's partial motion for summary judgment as to liability. *Held:*

Under OCGA § 33-34-7 (a) (2) (Code Ann. § 56-3407b) no-fault benefits are payable for: "Accidental bodily injury sustained by any other person while occupying the owner's motor vehicle ..." OCGA § 33-34-2 (1) (Code Ann. § 56-3402b) defines "accidental bodily injury" as "bodily injury, sickness, or disease, including death at any time resulting from ... or arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits as provided by Code Section 33-34-4 [Code Ann. § 56-3403b]." Subsection (9) sets forth the definition of "operation, maintenance or use of a motor vehicle" as "operation, maintenance or

use of a motor vehicle as a vehicle," and "occupying" is defined in subsection (8) to mean "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." In *Clinton v. National Indem. Co.,* 153 Ga. App. 491, 492 (265 SE2d 841) (1980), this court accepted *Black's Law Dictionary* definition of a vehicle as that " 'in or on which a person or thing is or may be carried from one place to another, especially along the ground ... any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance.' "

In the instant case there is no question that the tractor-trailer was a vehicle and that Warner was occupying it within the codal definition. The sole question therefore remains as to whether he was using it as a motor vehicle.

The "use" causing the injury need not be the proximate cause, in the strict sense, of the injury, but neither can it be distinctly remote. As a result, each case turns on its own facts and it must be determined whether the injury "originated from," "had its origin in," "grew out of" or "flowed from" the use of the vehicle. *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562, 564 (236 SE2d 550) (1977). See also *Hartford Accident &c. Co. v. Booker,* 140 Ga. App. 3 (230 SE2d 70) (1976) for a discussion of "use" of a motor vehicle.

In *Jones v. Transamerica Ins. Co.,* 154 Ga. App. 408, 409 (268 SE2d 444) (1980), the court noted that "use" had not been interpreted as it appears in the no-fault law and proceeded to define it as a term not implying remoteness, "but does extend beyond actual physical contact with the vehicle; and it would seem to extend at least to the point, beyond physical contact, where control over the instrumentality is easily or reasonably at hand ... [T]he injury [must result] from an accident peculiar to the motor vehicle and [be] intrinsically related to the vehicle itself, making the injury sufficiently connected to the use and operation of the vehicle to allow recovery under the act." See also *Leverette v. Aetna Cas. &c. Co.,* 157 Ga. App. 175 (276 SE2d 859) (1981); *Ga. Farm Bureau Mut. Ins. Co. v. Nelson,* 153 Ga. App. 623 (266 SE2d 299) (1980); *Clinton v. National Indem. Co., supra.*

Unlike the factual situation in *Leverette v. Aetna Cas. &c. Co., supra,* where appellant fell after standing on the side panel of his pick-up truck to pick plums and this court held that the vehicle in question was not used as a vehicle at the time of the appellant's injury, the facts in the instant case show that the tractor-trailer was never used as anything other than a vehicle, that Warner had control over the vehicle, and that the injury he sustained resulted from his exit of the vehicle by way of a ladder attached to the vehicle and intended for that use. Accordingly, we find Warner's injury was an

accident "peculiar to the motor vehicle and intrinsically related to the vehicle itself" as required by the holdings in *Leverette v. Aetna Cas. &c. Co.,* supra at 176 and *Jones v. Transamerica Ins. Co.,* supra.

*Judgment affirmed. Shulman, C. J., McMurray, P. J., Carley and Sognier, JJ., concur. Banke, J., dissents, with Quillian, P. J., Birdsong and Pope, JJ., concurring. Birdsong, J., dissents, with Quillian, P. J., Banke and Pope, JJ., concurring.*

Decided September 15, 1983 —
Rehearing denied October 7, 1983 —

*Lawrie E. Demorest, George W. Hart,* for appellants.
*E. Christopher Harvey, Jr.,* for appellee.

Banke, Judge, dissenting.

It seems to me that it violates common sense to conclude that a person who enters into and alights from a vehicle for the sole purpose of checking its registration is "using" that vehicle. To "use" an object means to employ it or to avail oneself of it for some purpose. See *Webster's New International Dictionary,* 2d ed., Unabridged. This case is much weaker for the plaintiff than was *Leverette v. Aetna Cas. &c. Co.,* supra, wherein the plaintiff was standing on his vehicle to pick plums. I would reverse the judgment of the trial court.

I am authorized to state that Presiding Judge Quillian, Judge Birdsong and Judge Pope, join in this dissent.

Birdsong, Judge, dissenting.

I concur in the dissent authored by Judge Banke but wish to add an additional observation as to why the accidental injury suffered by Warner is not cognizable under the Motor Vehicle Reparations Act.

OCGA § 33-34-2 (Code Ann. § 56-3402b) defines compensable accidental bodily injury as that arising out of the use of a motor vehicle ("operation" and "maintenance" should be eliminated as there can be no question such was not being done by Warner). OCGA § 33-34-2 (9) (Code Ann. § 56-3403b) defines use of a motor vehicle as use of that vehicle *as a vehicle.* Using a motor vehicle as a "vehicle" is defined in Black's Law Dictionary as using it as a means of conveyance.

The cases cited in the majority opinion (*Southeastern Fidelity Ins. Co. v. Stevens,* supra; *Hartford Accident &c. Co. v. Booker,* supra, and *Jones v. Transamerica Ins. Co.,* supra) all involve cases where the vehicle was being used for the purpose for which it was designed; i.e., to convey a person or a product, that is the vehicle was being used as a conveyance. Even in *Jones,* supra, where Jones was found dead

outside the car the motor had been running so that the death of Jones resulted from the actual operation of the car.

On the other hand, the truck in *Leverette v. Aetna Cas. &c. Co.,* supra, at the time of the accident, was being used as a "step ladder" to pick fruit and was not being used as a conveyance. Thus, this court correctly held the injury not to be the result of a use of the vehicle as a vehicle, i. e., a conveyance. Likewise in this case, Warner had no intent to use the vehicle as a vehicle. He had no key to the truck or desire to do more than clarify the ambiguity in a static situation. Inasmuch as this injury did not result from the use of the vehicle *as a vehicle,* I conclude this was not an accidental injury compensable under the Motor Vehicle Reparations Act and accordingly must dissent.

I respectfully dissent. I am authorized to state that Presiding Judge Quillian, Judge Banke and Judge Pope, join in this dissent.