67110. BAKER v. MUSA.

CARLEY, Judge.

Appellant, alleging that she was the legal widow of one Berry B. Baker, Jr., applied for a year's support out of his estate. Appellee, who is Baker's daughter and the executrix of his estate, filed a caveat to appellant's application on the ground that appellant was not Baker's legal widow. Appellee's caveat was sustained, and appellant's application was dismissed by the probate court. Appellant appealed that ruling to the superior court. That court granted summary judgment in favor of appellee, and appellant appeals to this court. The issue for our consideration is whether the superior court erred in rul-

ing that appellant was not the legal widow of Baker.

Berry B. Baker, Jr., married Ruth Sloan in 1935. In 1946, Baker married Willie Mae Smith. Thereafter, in 1947, Baker obtained a divorce from Ruth Sloan. He and Willie Mae Smith continued to live together as husband and wife, and a daughter, who is the appellee herein, was born to them in 1948. Baker and Willie Mae Smith subsequently separated, and Baker ceremonially married Margie Vera Sloan in 1953. They lived together until her death in 1973. In 1974, Baker ceremonially married Margie Brooks, who is the appellant herein. They were divorced in 1975, but they remarried that same year, and appellant and Baker were living together as husband and wife when Baker died in 1981.

1. "Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, the presumption is that the second marriage is valid until evidence is established that the other spouse of the first marriage is living. When evidence is established that the other spouse of the first marriage is living, the burden shifts to the party contending the validity of the second marriage to go forth and show that the first marriage was dissolved by divorce. [Cit.]" *Johnson v. Johnson,* 239 Ga. 714 (238 SE2d 437) (1977).

In the case at bar, appellee contended that appellant's purported marriage to Baker was invalid by reason of Baker's prior undissolved marriage to Willie Mae Smith. Appellee presented evidence to show that Baker and Willie Mae Smith were ceremonially married in 1946, that their marriage was validated under common-law principles after the impediment thereto was removed in 1947 when Baker divorced his first wife, and that Willie Mae Smith was presently living. On this evidence, the burden then shifted to appellant to show the dissolution of Baker's marriage to Willie Mae Smith.

Appellant produced no evidence that Baker's marriage to Willie Mae Smith had ever been formally dissolved. Instead, appellant sought to show that that marriage was void at the outset because of Baker's previous marriage to Ruth Sloan, and that Baker's purported divorce from Ruth Sloan was itself void and could not serve to validate the marriage between Baker and Willie Mae Smith.

Appellant sought to rely upon certain procedural and jurisdictional defects which were apparent from the face of the pleadings in Baker's divorce action against Ruth Sloan. Compare *McCormick v. Denny,* 212 Ga. 444 (93 SE2d 578) (1956), and *Griffin v. Welch,* 210 Ga. 300 (79 SE2d 527) (1954). However, even if that purported divorce was ineffective, appellant still failed to meet her burden of showing the invalidity of Baker's marriage to Willie Mae Smith. Under *Johnson v. Johnson,* supra, appellant needed to produce evidence that Ruth Sloan was still living at the time of Baker's marriage

to Willie Mae Smith. She could not rely on the presumption of the continuation of life for seven years created by OCGA § 24-4-21 to establish that fact. *Longstreet v. Longstreet*, 205 Ga. 255 (53 SE2d 480) (1949). Nor could she rely on admissions contained in the divorce action she sought to attack. The petition in that suit alleged that Baker had been deserted by Ruth Sloan on September 27, 1945, well before his ceremonial marriage to Willie Mae Smith. The divorce proceeding did not include a return of service, and it was apparently served only by publication. No answer was filed, and the divorce was granted ex parte. Such evidence falls far short of the "clear, distinct, positive and satisfactory proof" required to overcome the presumption of the validity of a subsequent marriage. See *Jones v. Transamerica Ins. Co.*, 154 Ga. App. 408, 409 (268 SE2d 444) (1980).

Since appellant failed to produce the requisite evidence to show that Baker's marriage to Willie Mae Smith was invalid or had been dissolved, the trial court did not err in granting summary judgment to appellee.

2. Appellant's remaining enumerations of error, which concern various motions made in the courts below, need not be considered in light of our holding in Division 1 herein.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 2, 1984.

*M. O. Strickland*, for appellant.
*Bruce V. Durden*, for appellee.