## 68223. GLOVER v. GLOVER.

### (322 SE2d 755)

McMurray, Chief Judge.

Johnnie Mae Jackson Glover brought this action for declaratory judgment against Alma Bryan Glover alleging that she was the legal widow of Sidney Huston Glover, who died of injuries received when he was struck by an automobile on August 28, 1982. Defendant Alma Bryan Glover previously had filed a wrongful death action against the occupants of the automobile which struck Mr. Glover in which she claimed she was the legal widow of the decedent. In the case sub judice, following an evidentiary hearing, the superior court ruled that plaintiff Johnnie Mae Jackson Glover failed to carry her burden of proving the dissolution of the decedent's first marriage to defendant.

It appears from the evidence that defendant Alma Bryan Glover entered into a ceremonial marriage with Sidney Glover in New York City on March 26, 1957. They lived together as man and wife in New York, later moving to Los Angeles, until 1971 when he moved to Atlanta without the defendant. After their separation defendant remained in communication with Glover and his relatives, and she was notified by them of his death while she was in New York attending the wedding of her granddaughter. Plaintiff Johnnie Mae Jackson Glover was ceremonially married to the decedent in Atlanta on September 13, 1981, and she lived with him for eight months before his death. Plaintiff appeals from the denial of the relief sought in her declaratory judgment action. *Held*:

1. Plaintiff relies upon the decision of this court in *Jones v. Transamerica Ins. Co.*, 154 Ga. App. 408, 409 (2) (268 SE2d 444), in which it was stated that "[t]he presumption in favor of the validity of a second marriage is strong, and the burden is upon the one attacking said marriage to overcome the presumption by clear, distinct, positive and satisfactory proof. [Cits.]" Plaintiff contends that defendant's testimony, that she had not divorced Glover, was not sufficient to prove that a divorce had not in fact been granted between the parties. See, e.g., *McCormick v. Denny*, 213 Ga. 28 (96 SE2d 600); *Woodum v. American Mut. Liability Ins. Co.*, 212 Ga. 386, 389 (2) (93 SE2d 12); *Reed v. Reed*, 202 Ga. 508 (1) (43 SE2d 539).

Those Supreme Court cases were decided prior to the enactment of Ga. L. 1957, p. 83 (former Code Ann. § 53-102 (1) (now OCGA § 19-3-2 (3), effective November 1, 1982)), which repealed the statutory presumption of the validity of the second marriage, providing that "[t]he dissolution of a previous marriage in divorce proceedings must

be affirmatively established and will not be presumed." Thus, under OCGA § 19-3-2 (3), "where there is proof that one of the parties to a ceremonial marriage has a living spouse, there is no presumption that a divorce has been previously granted dissolving the former marriage." *Liberty Mut. Ins. Co. v. Ellis*, 99 Ga. App. 486, 487 (1) (109 SE2d 70).

The rule now in effect is as follows: " 'Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, a presumption arises that the second marriage is valid until evidence is adduced that the spouse of the first marriage is living, and only then does the act of 1957 amending [former] Code § 53-102 . . . place the burden on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce.' [*Zurich Ins. Co. v. Craft*, 103 Ga. App. 889 (2) (120 SE2d 922)]." *Smith v. Smith*, 230 Ga. 616, 618 (1) (198 SE2d 307). Accord *Johnson v. Johnson*, 239 Ga. 714 (238 SE2d 437); *Baker v. Musa*, 170 Ga. App. 77 (316 SE2d 178). To the extent that *Jones v. Transamerica Ins. Co.*, 154 Ga. App. 408, 409 (2), supra, is in conflict with this rule, it is hereby overruled.

When defendant introduced in evidence a certified copy of her marriage license to Glover, the burden shifted to plaintiff to show the formal dissolution of this marriage. This plaintiff failed to do. Therefore, the trial court did not err in denying the declaratory relief sought by plaintiff. Accord *Baker v. Musa*, 170 Ga. App. 77, 78 (1), supra.

2. Plaintiff erroneously contends this declaratory judgment suit is an equitable action and that, therefore, defendant cannot prevail because she does not have "clean hands." In the first place, a suit for declaratory relief ordinarily is not an equitable action but, on the contrary, it is an action at law. *Felton v. Chandler*, 201 Ga. 347 (2, 3, 4) (39 SE2d 654). Secondly, the first maxim of equity is that equity follows the law. OCGA § 23-1-6; *Carter v. Jordan*, 15 Ga. 76 (1) (1854). Thus, equity cannot supersede the positive enactments of the legislature. *Lewis v. Bd. of Education of Lowndes County*, 183 Ga. 687, 690 (1) (189 SE 233).

3. Relying upon *Murchison v. Green*, 128 Ga. 339, 343 (57 SE 709), plaintiff asserts the defendant cannot attack the validity of the plaintiff's marriage to Glover for "the mere purpose of pecuniary gain." This assertion is without merit. *Murchison* does not stand for the proposition that a person cannot contest the validity of a marriage for the purpose of monetary gain. In *Murchison* the court merely set forth additional reasons to support the rule which existed prior to the enactment of Ga. L. 1957, p. 83.

*Judgment affirmed. Deen, P. J., Quillian, P. J., Banke, P. J., Birdsong, Carley, Sognier, Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 27, 1984.

*James M. Rudder, Jr.*, for appellant.
*Dianne Coleman, Benjamin W. Spaulding, Jr.*, for appellee.