A90A1406. HERNANDEZ v. LIBERTY MUTUAL INSURANCE COMPANY.
(397 SE2d 482)

BEASLEY, Judge.
Mr. Hernandez was in the process of climbing down off a car car-rier/tractor-trailer when he fell and was injured. He was employed to haul automobiles, and he had just finished securing the last of the four top-level cars and was on the cradle before he went down to get

the four cars for the bottom level. He became unconscious and does not know why he fell.

Liberty Mutual Insurance Company provided no-fault insurance on the car carrier, but it denied coverage in this instance. The trial court agreed that, based on the undisputed facts, the insurer was entitled to summary judgment and the injured employee was not.

No-fault benefits are due for accidental bodily injury sustained while occupying a covered vehicle. OCGA § 33-34-7 (a). "Accidental bodily injury" is that which "[arises] out of the operation, maintenance or use of a motor vehicle. . . ." OCGA § 33-34-2 (1). Expressly excluded from the activity contemplated by the words "operation, maintenance or use" is "[l]oading or unloading a motor vehicle by any person acting within the course of his employment in any business." OCGA § 33-34-2 (9) (B).

Although it may be said that Mr. Hernandez was "occupying" the vehicle, see *Turner Transp. Co. v. Warner*, 168 Ga. App. 358 (308 SE2d 845) (1983), the activity in which he was engaged was the loading of it with cars. The fact that he had completed the securing of four of the cars and in that sense had fully loaded them does not alter the fact that the loading process included descending from the tractor/trailer.

The statutory exclusion cannot be construed as narrowly as plaintiff urges. "[T]he term 'loading' as employed in the statute . . . encompasses every act incident to or necessary to the cargo's being placed in the transport vehicle in such manner as to make it ready for transportation." *Crosby v. Ga. Cas. &c. Co.*, 173 Ga. App. 644, 646 (327 SE2d 505) (1985). "This court has adopted a liberal definition of the word 'use' " in motor vehicle insurance law. *Ga. Farm &c. Ins. Co. v. Greene*, 174 Ga. App. 120, 122 (329 SE2d 204) (1985), in which case a number of examples are given. See also *Rustin v. State Farm &c. Ins. Co.*, 254 Ga. 494 (330 SE2d 356) (1985). The clause which would negate the exclusion, i.e., "unless the conduct occurs while occupying it," has been deleted by the legislature. Mr. Hernandez' act of beginning to descend from the vehicle was "a part of the loading process" and not "a separate operation." *Crosby*, supra at 645. The additional fact that plaintiff was in the middle of the loading process, having four more cars to put on the tractor/trailer, is another hurdle which plaintiff has not successfully overcome so as to escape the exclusion.

*Turner*, supra, does not rescue plaintiff because the activity of the injured party in that case was not subject to the commercial "loading or unloading" exclusion.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 20, 1990.

*Ralph E. Hughes*, for appellant.

*Alembik, Fine & Callner, Lisa H. Cassilly*, for appellee.